IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 11 2013

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| MICHELLE R. DURAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-809-A |
| | § | |
| WAL-MART ASSOCIATES, INC., | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND
ORDER

Before the court for decision is the motion of plaintiff, Michelle R. Duran, to remand. After having considered such motion, defendants' response thereto, the notice of removal, the state court pleadings, and applicable legal authorities, the court has concluded that such motion should be denied.

I.

Background

This action was initiated by the filing by plaintiff on October 2, 2012, of a petition in the District Court of Tarrant County, Texas, 153rd Judicial District, complaining of Wal-Mart Associates, Inc. ("Wal-Mart"), Claims Management, Inc., d/b/a Arkansas Claims Management, Inc., d/b/a AR Claims Management, Inc. ("CMI"), and Latoya E. Johnson ("Johnson"). Plaintiff seeks recovery of damages from the defendants based on alleged mishandling of a workers' compensation claim she asserted against

Wal-Mart, as a certified self-insured employer for the purposes of the Texas Workers' Compensation Act. She alleged that CMI was a third-party administrator or adjusting company that serviced plaintiff's workers' compensation claim on behalf of Wal-Mart, and that "Johnson was employed by or on behalf of Wal-Mart and/or CMI as a licensed insurance adjuster and was assigned to adjust, investigate, and otherwise service Plaintiff's Texas workers' compensation claim." Pet. at 6, ¶ 6.4.

All defendants removed this action from state court to this court by the filing of a notice of removal on November 12, 2012. Subject matter jurisdiction was based on diversity of citizenship, as contemplated by 28 U.S.C. § 1332. The notice alleged that plaintiff was a citizen of the State of Texas, that Wal-Mart was a citizen of the States of Delaware and Arkansas, that CMI was a citizen of the States of Delaware and Arkansas, and that Johnson was a citizen of the State of Texas. The defendants contended that Johnson was not properly joined as a defendant, with the consequence that her state of citizenship should be disregarded, resulting in a complete diversity of citizenship between plaintiff and the remaining defendants. The amount in controversy was alleged in the notice to exceed the sum of $75,000, exclusive of interest and costs. In support of their contention that Johnson was improperly joined as a defendant,

defendants alleged that there is no reasonable basis for this court to predict that plaintiff might be able to recover against Johnson.

On December 12, 2012, plaintiff filed her motion to remand contending that Johnson was properly joined as a defendant and that plaintiff has alleged viable causes of action against Johnson. Defendants responded on January 2, 2013, pointing out the legal insufficiency of each of the theories of recovery alleged by plaintiff against Johnson.

II.

Plaintiff's Allegations Against Johnson

Plaintiff's state court pleading is twenty-four pages in length.[1] The allegations of the pleading are typical of what the court often encounters in cases in which a plaintiff is seeking to avoid federal court jurisdiction by making lengthy allegations in an attempt to create the appearance that a cause of action is being stated against a resident defendant insurance adjuster. As is the case here, those kinds of pleadings normally make

---

[1] Plaintiff's pleading appears to violate the fair notice pleading requirements of Rule 47 of the Texas Rules of Civil Procedure, which directs that a petition contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." Under Texas law, specific statutory references are unnecessary in a pleading, and the Texas Rules do not contemplate "the presentation of the theory or theories of law applicable to the facts alleged or that the allegations of fact be fitted into a form or forms of action." Broom v. Brookshire Bros., Inc., 923 S.W.2d 57, 60 (Tex. App.--Tyler, 1995, writ denied). Rule 47 also directs that "in all claims for unliquidated damages [the pleading shall contain] only the statement that the damages sought are within the jurisdictional limits of the court."

allegations of alleged statutory and common law violations of all defendants, even though the only true claim is that the insurance company (or self-insured) defendant failed to make the claim payment sought by the plaintiff.

In this instance, the pleading, by conclusory allegations, implicates Johnson in each of the alleged statutory and common law violations alleged against Wal-Mart and CMI. Plaintiff alleged that she is seeking unliquidated actual damages, over and above the payment she has sought by her insurance claim, "not to exceed a maximum total of $499,999.00, exclusive of taxable court costs, exemplary damages, and pre- and post-judgment interest." Notice of Removal, App. at 22.

Throughout her pleading, plaintiff uses the word "defendants," without distinguishing one defendant from the other, in describing certain conduct and certain claims. Once the chaff is cleared away, all that remains in plaintiff's pleading that remotely resembles allegations of fact, as opposed to conclusions and characterizations, against Johnson are the allegations in paragraphs 6.8 on page 7 and 6.11.F. on page 9, which read as follows:

> 6.8 JOHNSON personally took actions that violated the Texas Deceptive Trade Practices Act and/or the Texas Insurance Code. Those actions included verbal representations and the filing of a written denial or dispute that included one or more baseless, inaccurate or misleading representations of fact or law and/or

4

> that was not based on a reasonable, unbiased investigation. <u>See</u> <u>e.g.</u>, Exhibit B . . . .
>
> . . . .
>
> F. However, on November 18, 2011, contrary to the medical evidence and other information which was or should have been known to Defendants, JOHNSON and CMI, acting for and on behalf of WAL-MART issued or caused to be issued a PLN-11 "Notice of Disputed Issue(s) and Refusal to Pay Benefits" disputing continuing disability and refusing to pay full temporary income benefits as required by law. Exhibit B. This written dispute includes a number of misrepresentations which Defendants knew or reasonably should have known were deceptive, false and/or misleading, including but not limited to the following misrepresentations: . . . .

Notice of Removal, App. at 8, 10 (footnote omitted).

Thus, the focus on Johnson relates to whatever involvement she had with Exhibit B to the petition. The only mention made of Johnson in Exhibit B, which is a letter from CMI to plaintiff titled "Notice of Disputed Issue(s) and Refusal to Pay Benefits," is the use of her name in the lower part of the document below the invitation, "[i]f you do not agree with the dispute and refusal to pay benefits, please contact me." <u>Id.</u> That part of Exhibit B reads as follows:

> If you do not agree with the dispute and refusal to pay benefits, please contact me:
>
> Adjuster's Name:      LaToya E. Johnson
> Toll Free Telephone #:   1-800-599-9906 ext 3896625
> Fax #/E-mail Address:  479-204-9757

> If we are unable to resolve the issue to your satisfaction, you have the right to file a dispute with the Texas Department of Insurance, Division of Workers' Compensation and request a Benefit Review Conference. For assistance or to request a Benefit Review Conference, contact the Division office handling your claim at 1-800-252-7031.
>
> If you would like to receive notices such as this by facsimile or electronic transmission such as e-mail, please contact me and provide your facsimile number or e-mail address.

Id. at 27.

The appearance is that every one of plaintiff's statutory (Texas Deceptive Trade Practices Act, Texas Insurance Code, and Texas Labor Code) causes of action and common law causes of action against Johnson are predicated on the fact that Johnson was named as the adjuster on the Exhibit B notice.

### III.

### Analysis

In reliance on the decision of the Fifth Circuit in Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004), defendants maintain that Johnson's state of citizenship should be disregarded for jurisdictional purposes because "there is no reasonable basis for [this court] to predict that . . . plaintiff might be able to recover against [Johnson]." The court considers appropriate to conduct the Smallwood improper joinder

test of viability of plaintiff's alleged causes of action against Johnson.

In conducting the <u>Smallwood</u> test of viability, the court may conduct an analysis of whether the complaint states a claim upon which relief may be granted. -- In other words, a Rule 12(b)(6) analysis. Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading to be used in making a Rule 12(b)(6) analysis. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. See <u>Twombly</u>, 550 U.S. at 555 & n.3, 127 S. Ct. 1955. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009) ("While legal conclusions

can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 129 S. Ct. at 1950. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69, 127 S. Ct. 1955. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

There is no way a reasonable inference can be drawn from the use of Johnson's name on the Exhibit B notice, and the fact that she served as the adjuster in the handling of plaintiff's workers' compensation claim, without more, that Johnson can be liable to plaintiff under any of the theories of recovery asserted by plaintiff against defendants. The court cannot infer from the facts alleged by plaintiff that any theory of liability she has asserted in a conclusory way against Johnson is plausible. The most reasonable inference to be drawn from the contents of the Exhibit B notice is it was intended to inform

plaintiff of factors that Wal-Mart had taken into account in reaching conclusions relative to plaintiff's claim for benefits, and to advise plaintiff that if she did not agree with the contents of the notice, she was at liberty to contact Johnson to discuss the matter with her as well as to contact the Texas Department of Insurance, Division of Workers' Compensation, and request a Benefit Review Conference. Nothing was said in the Exhibit B letter that conceivably could cause plaintiff to have a statutory or common law cause of action of any kind against Johnson. Nor, putting aside the conclusory allegations and characterizations, is there any allegation of fact that would support a conclusion that plaintiff has any right of recovery from Johnson based on the mere fact that Johnson served as the adjuster with respect to plaintiff's claim against Wal-Mart.

Defendants have detailed as to each theory of recovery alleged in plaintiff's pleading a reason or reasons why the theory of recovery does not state a viable claim against Johnson. The court is of the opinion that each of the reasons given by defendants in their response has merit, but the court does not consider that it needs to go beyond the discussions set forth

above to demonstrate that there is no reasonable basis for this court to predict that plaintiff might be able to recover against Johnson. Therefore,

The court ORDERS that plaintiff's motion to remand be, and is hereby, denied.

For the reasons stated above, the court has concluded that plaintiff's alleged claims against Johnson should be dismissed for failure to state a claim upon which relief can be granted. Therefore,

The court further ORDERS that all claims asserted in the above-captioned action by plaintiff against Johnson be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal.

SIGNED March 11, 2013.

JOHN McBRYDE
United States District Judge